Would the clerk call the next case please? 314-0744, Kiki in the State of Illinois, Appellee by Thomas Dorado v. Norah Patton, Appellant by Kelly Taylor Ms. Taylor, good morning. Good morning. May it please the Court, Counsel? I am Kelly Taylor from the Office of the State Appellate Defender on behalf of the defendant, Norah J. Patton. This is a collateral appeal following a Peoria County murder case. There is only one issue in the case. The trial court erred in dismissing Patton's post-conviction petition at the first stage where it presented the gist of a constitutional claim. Patton respectfully requests that this Honorable Court reverse the trial court's order dismissing her pro se post-conviction petition and remand the cause for further proceedings under the Post-Conviction Hearing Act. The trial court erred in dismissing Patton's post-conviction petition at the first stage because it presented the gist of a constitutional claim of ineffective assistance of counsel where Patton, even though she pled guilty, alleged that counsel failed to gather evidence and interview witnesses. Patton pled guilty to first degree murder in exchange for 28 years of imprisonment. In addition, Patton waived her appeal rights. At her guilty plea hearing on May 2, 2011, she seemed confused and she displayed some hesitance, especially in regards to waiving her appeal rights. July 20, 2011, only two and a half months later, Patton filed a series of pro se pleadings. She filed a late notice of appeal alleging that her attorney forced her to take the time and that she had no other choice but to plead. She filed a motion to withdraw a guilty plea and she included a letter to the trial judge alleging that her attorney coerced her into taking the plea and waiving the appeal. Otherwise, her witnesses would also be charged. On April 18, 2012, Patton filed another pro se motion to withdraw a guilty plea and another letter. On May 12, 2014, Patton filed the pro se post conviction petition at issue in this case. She alleged that counsel failed to investigate. Most notably, she alleged that counsel failed to interview her alibi witness, Robert Weeks. She included an affidavit from Robert Weeks that he was not interviewed by counsel. The post conviction petition was ultimately dismissed at the first stage. Initially, the state argues in its brief that Patton's post conviction rights are waived because she waived her appeal rights. First of all, we can assume that Patton knew what a post conviction petition was and she may have been unaware of the likely consequences of waiving her appeal rights. Secondly, even if her post conviction rights are waived, the waiver can be challenged if it's not made voluntarily. If a fundamental right is waived based on advice from an incompetent attorney, then the waiver is not made knowingly. The real issue in the case is that Patton's petition should have been advanced to the second stage because she presented the gist of the claim. She alleged that counsel failed to investigate and was ineffective. But because she pled guilty, she needed to show that her plea was not voluntary. This is an advanced concept, one that a lay person would not know how to argue precisely. She made an allegation, the allegation in her post conviction petition combined with the hesitancy at her plea hearing, plus the letters and the filings that she filed almost immediately after the guilty plea hearing, showed that she was trying to express that her plea was not voluntary. Patton is aware of the language in People v. Jones that the allegations in the petition are usually what are at issue in a first stage post conviction petition. The issue in Jones was whether waiver applied at the first stage. In Jones, appellate counsel made a totally different argument than the petitioner argued in her post conviction petition. Here, Patton did previously raise these issues in the trial court that her plea was not voluntary, they were just in the form of letters and motions to withdraw. There is a multitude of case law that emphasizes that these petitions are not being written by legal scholars. The petitions at the first stage should be based on facts, not on law. They should be liberally construed, taken as true, and should merely state the gist of a constitutional claim. Patton tried to do that here. She filed several documents alleging that her attorney was ineffective and that she was forced and coerced to take this plea. She also claimed her attorney was ineffective for failing to investigate. A second stage attorney would compile these allegations into the proper format, a post conviction petition alleging that her guilty plea was involuntary. Expecting Patton to know the precise way to frame her argument at the first stage is unrealistic and contrary to the point of a pro se petition. It is unfair that judges may look outside of the post conviction petition to see if the claims are barred by res judicata, and judges routinely look outside of the petition to determine whether the claims are rebutted by the record. Judges should also look outside of the petition to avoid forfeiture of a petitioner's constitutional claim, particularly when that claim states the gist of a constitutional claim. Here, one glance at the record would reveal an issue following the guilty plea. She immediately started filing these pro se filings, alleging that she wanted to withdraw her plea and that she was coerced. When looking at Patton's filings as a whole, her intentions are clear. She just did not possess the legal training to articulate her entire argument within the post conviction petition itself. In conclusion, Nora Patton respectfully requests that this honorable court reverse the trial court's order dismissing her pro se post conviction petition and remand this cause for further proceedings under the Post Conviction Hearing Act. Any questions? Thank you. Mr. Arado, good morning. Good morning, Honorary Counsel. Our first contention is, of course, that she waived all appeal rights. As this judge stated that you understand that you are not be able to bring any legal proceedings to contest this matter. And she said, I understand. That's based upon that. And the case that we cited would be enough to foreclose her being able to file anything that contest guilty plea. You're relying on Reed? In Reed, wasn't it made clear the post conviction petition was foreclosed? That was some additional language that the judge used, but there was also the general explanation. This court said that the judge did not have to go through the whole procedures about how things had to be done. And so the fact that the judge said that here that any legal proceedings would encompass anything in the future. That's your argument was that any reasonable person would understand that to mean that it included a post conviction petition. Yes, because it's a legal proceeding. That's a legal proceeding. So the. But even if this court finds that it wasn't sufficient waiver for a post conviction petition, there's problems with the petition itself in that none of these coercion arguments are included in the petition. Essentially, counsel is defendants arguing that a PC is a savings clause that allows the judge to look throughout the record and determine if there's any errors. And then even if they're not included in the PC, boy, that's enough. Send it on to the next stage. That's not the law. Jones says that you have to look at what's in the PC itself. What was in the PC? Six claims. One, she asked detectives, the public defender, preliminary hearing and said to counsel Michelle Redick. That's not clear what that means. To test showcasings for fingerprints to counsel, failed to obtain gunpowder residue test. Three counselors had alibi witness statements for counsel, failed to interview prosecution witness. Five counsel did not obtain a phone records and six counsel did not attempt to secure testimony of Terry Blazer, Robert Weeks. And the brief on appeal, they only argue regarding the inability or failure to present the interview weeks. And other witnesses. And of course, we go through the record, point out that weeks was disclosed. What which is going to testify was to was disclosed, which was subpoenaed and appeared and was admonished to reappear. And then she took guilty. So the record positively rebuts any claim that weeks that the council did not know what weeks was going to say. We also address the other points about witnesses being disclosed to the prosecution and also that as far as Bobby Garvey, she was presented in the her testimony presented in the factual basis of the plea as to what she was testifying to. And the defendant agreed that that's what she was. So, again, a record possibly rebuts the claims that are argued in the in the brief. So since none of the other issues or arguments raised in those first five things, those were waived. So we would ask that this court affirmed the dismissal of the post-conviction petition. There's no question. Technically, you think it's waiver or forfeiture? It's forfeiture. Bill 341 H7 uses the term waiver. So I guess under the Supreme Court rule, it's waiver. We struggle with that in our office. Thank you. Thank you. You want to weigh in on waiver or forfeiture? Which is the proper term to use in this case? You don't have to. It's a very confusing area of the law that even our Supreme Court sometimes doesn't get it right. Okay. Just briefly, I just wanted to point out, we argued in our reply brief that just because an alibi notice was filed still doesn't necessarily mean that counsel actually interviewed Robert Weeks. It can be filed based on what Patton told the attorney. So Ann Robert Weeks says in his affidavit that he wasn't interviewed. So we would argue that it was not positively rebutted by the record. And that in Reed, back to whether this was waived, in Reed there was still a voluntary aspect here. And her post-conviction petition writes, if she didn't understand them or if they were explained to her wrong, then the waiver was not made voluntarily. So her post-conviction was not waived. What was wrong with the explanation? She alleges that in her petition that she was forced to take it, so we don't know what was wrong with the explanation. Other than the term, any appeal rights, it's vague. I would argue most people know what a direct appeal is, but many people, until they're confronted with it, would not know what a post-conviction petition is. And in Reed it was explained much more thoroughly what a post-conviction petition was. So here, waiving appeal rights, I don't know that a post-conviction petition was factored into that and that she knew that when she waived those rights. And also she's alleging that it was involuntary and an involuntary waiver of rights cannot stand. Where does she allege that it was involuntary? Starting from all of her letters and filings. Would you agree, though, that if we bypass the issue of whether the post-conviction petition is included in what she gave up in order to plead guilty, we just bypass that argument and look at the face of the post-conviction petition? I think I understand your argument correctly that the face of the petition still doesn't state the gist of a constitutional claim. Because the petition alleges she didn't get a fair trial. The face of the petition, she tries to get out that her counsel failed to investigate, failed to work for her. She had a bail lawyer. She had a bail lawyer. So then you ask us to kind of peruse the record to see what she was trying to say. And if I understand your argument correctly, you think the trial court should have done that before dismissing it. I do. As long as I understand your argument. The judge likely would have looked through the record to try to rebut the claim and would have seen these pro se filings immediately and seen that she was claiming coercion and being forced and that her plea was not voluntary and that she's such an advanced argument to make in a post-conviction petition, especially at such a low threshold. We don't expect much out of the first stage post-conviction petitions. And I think that's really the purpose and the spirit of a first stage post-conviction petition. Here it's just expecting so much more from Patton for her to realize or to articulate in the petition that her guilty plea was involuntary because of all these things that counsel failed to do or that he coerced her and all these various other things. Any other questions? Thank you. Thank you. We thank both of you for your arrangements this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in brief recess for a panel.